Douglas Panzer
Manny D. Pokotilow
CAESAR RIVISE, PC
1635 Market Street
Seven Penn Center – 12th Floor
Philadelphia, PA 19103
(215) 567-2010

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DTROVISION, LLC d/b/a PURELINK | |
| Plaintiff, | Civil Action No: |
| v. | COMPLAINT AND JURY DEMAND |
| AURORA MULTIMEDIA CORPORATION | |
| Defendant. | |

Plaintiff DTROVISION, LLC d/b/a PURELINK ("PURELINK" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant AURORA MULTIMEDIA CORPORATION, ("AURORA" or "Defendant"), does hereby allege as follows:

### NATURE OF THE ACTION

1. This is an action brought by PURELINK to protect the rights and substantial goodwill that PURELINK has accrued in the mark VPX ("the VPX Mark"), since at least May, 2017.

2. Defendant AURORA recently began to use the mark VPX for encoders, decoders, and transceivers used in AV over IP systems.

3. This is the same type of system in which Plaintiff uses the VPX mark on its software and hardware controllers.

4. Plaintiff has brought this action to stop the infringement of its VPX trademark by Aurora Multimedia Corporation.

## PARTIES

5. Plaintiff PURELINK is a limited liability company organized and existing under the laws of New Jersey with a principal place of business at 22-10 State Route 208, Fair Lawn, NJ 07410.

6. Upon information and belief, Defendant AURORA is a corporation organized and existing under the laws of New Jersey, with a principal place of business at 205 Commercial Court, Morganville, NJ 07751.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Plaintiff resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

9. Defendant AURORA is subject to personal jurisdiction in the District of New Jersey because, it also resides in this judicial district.

## THE VPX MARK

10. Since at least as early as 2017, PURELINK has been promoting, advertising, and using its VPX Mark in the United States to indicate the source and quality of its VPX IP Video Management Software. In 2019, PURELINK added to its VPX line of products the VPX

Commander which runs the VPX IP Video Management Software. Both the VPX software and VPX hardware control an AV over IP Ecosystem made by PURELINK which takes video/audio signals from sources such as computers, cameras, and cable boxes, and distributes them to various displays or other devices, using AV over IP network technology..

11. Among the ways the controllers under the VPX mark have been sold is through the Plaintiff's website at https://www.PURELINKav.com/product/vpx-ip-video-management-software/ and at https://www.PURELINKav.com/product/vpx-commander/.

12. PURELINK devotes substantial resources to promote video management software and hardware through a network of distributors, sales agents, sales representatives, and dealers. It also advertises to this network through social media and active promotion.

13. As a result of the extensive and continuous use of the VPX mark in connection with the VPX Controller Software and the VPX hardware, Plaintiff PURELINK has developed substantial goodwill and a strong reputation among consumers.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

14. Without the knowledge, consent, or authority of Plaintiff PURELINK, Defendant AURORA adopted the mark VPX as a trademark for its encoders, decoders, and transceivers, all of which are used in the same type of system that the VPX Controllers of PURELINK are used. The Aurora VPX products are advertised for sale at https://auroramultimedia.com/product-categories/vpx-series-1g/.

15. As a result of AURORA's infringing conduct, there is a likelihood that prospective consumers familiar with VPX Controller software or hardware will mistakenly believe that the Defendant's encoders, decoders, and transceivers, all come from Plaintiff PURELINK.

16. Defendant's use of the mark VPX on encoders, decoders, and transceivers, all for AV over IP systems is likely to be confused with PURELINK's use of VPX on controllers for use with the same type of systems because the Defendant's mark is identical in appearance, sound, pronunciation, meaning, and overall commercial impression to the Plaintiff's mark.

17. The Parties offer VPX products for substantially the same systems, namely, systems that are used to transmit and control digital AV signals over internet protocol. Accordingly, AURORA's use so nearly resembles that of PURELINK that it is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, sponsorship, and approval of AURORA's products within the meaning of 15 U.S.C. §1052(d).

18. AURORA's products, offered in connection with the VPX mark, also travel in the same channels of trade as those of PURELINK and said products are utilized by the same class of consumers, thus causing consumers and the trade to wrongly associate AURORA's products with those of PURELINK, thus causing consumers to assume that products sold under the VPX mark emanate from, or are approved, licensed, sponsored by PURELINK, or that AURORA is affiliated with PURELINK.

19. On information and belief, the parties' goods also travel in the identical channels of trade, advertising in the same media.

20. AURORA's acts constitute trademark infringement of PURELINK's mark. Moreover, AURORA is acting willfully, with full knowledge of PURELINK's rights and interest in its VPX mark in connection with its controller products.

21. At all times relevant hereto, AURORA has had notice of the existence of the VPX Mark and PURELINK's exclusive ownership thereof by virtue of PURELINK's earlier use.

22. In addition, after PURELINK gave actual notice to AURORA of PURELINK's earlier use of the mark VPX, AURORA ignored PURELINK's request that AURORA stop using the mark VPX.

23. AURORA's actions have been, and unless enjoined will continue to be, in violation of federal and state law governing trademark infringement and unfair competition and are causing immediate and irreparable harm to PURELINK, including lost sales and revenues, loss of control over its reputation, and loss of goodwill.

## COUNT I
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

24. PURELINK repeats and realleges each of the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. PURELINK is the exclusive owner of the valid VPX mark for use in connection with AV over IP controller software and hardware products.

26. AURORA has used, and on information and belief, intends to continue to use, in commerce the VPX mark in connection with encoders, decoders, and transceivers, all for use in connection AV over IP systems.

27. AURORA has acted and is acting willfully and deliberately in its infringement of the PURELINK mark VPX.

28. By virtue of the foregoing, AURORA has caused PURELINK to suffer injuries for which it is entitled to recover compensatory damages. In addition, AURORA's acts are causing and continue to cause PURELINK irreparable harm in the nature of lost sales and revenue, loss of control over its reputation and loss of substantial consumer goodwill. This

irreparable harm to PURELINK will continue, without any adequate remedy at law, unless and until AURORA's unlawful conduct is enjoined by this Court.

29. AURORA's conduct constitutes trademark infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). AURORA's use of the VPX mark is likely to cause confusion, or mistake, or to deceive.

30. PURELINK has been and will continue to be harmed by AURORA's conduct in an amount subject to proof.

## COUNT II
## VIOLATION OF NEW JERSEY'S
## UNFAIR COMPETITION STATUTE
## (N.J.S.A. § 56:4-1)

31. PURELINK repeats and realleges each of the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. AURORA's use of VPX as a trademark, without the authorization or consent of PURELINK, in connection with its encoders, decoders, and transceivers products, is likely to cause confusion and mistake and to deceive consumers as to the source or origin of AURORA's products such that consumers may believe that AURORA and/or AURORA's goods and/or services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with PURELINK.

33. AURORA's acts of unfair competition, misappropriation, passing off, unprivileged imitation, and infringement are in violation of the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1.

34. AURORA's conduct is and has been willful and deliberate.

35. AURORA's conduct causes immediate irreparable harm to PURELINK. PURELINK has no adequate remedy at law sufficient to fully remedy AURORA's conduct, and unless AURORA is enjoined, AURORA's conduct will continue to cause PURELINK irreparable harm.

36. PURELINK has been and will continue to be harmed by AURORA's conduct in an amount subject to proof.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION

37. PURELINK repeats and realleges each of the allegations set forth in paragraphs 1 through 36 above as though fully set forth herein.

38. AURORA's use of VPX as a trademark, without the authorization or consent of PURELINK in connection with its encoders, decoders, and transceivers, all for AV over IP systems, is likely to cause confusion and mistake and to deceive consumers as to the source, origin, sponsorship or affiliation of AURORA's products and constitutes trademark infringement, unfair competition and misappropriation of PURELINK's good will and reputation in violation of the laws of the State of New Jersey.

39. AURORA's conduct is and has been willful and deliberate.

40. AURORA's conduct causes immediate irreparable harm to PURELINK. PURELINK has no adequate remedy at law sufficient to fully remedy AURORA's conduct, and unless AURORA is enjoined, AURORA's conduct will continue to cause PURELINK irreparable harm.

41. PURELINK has been and will continue to be harmed by AURORA's conduct in an amount subject to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PURELINK respectfully requests that this Court:

    A.    Grant Preliminary and permanent injunctive relief enjoining and restraining AURORA and its officers, directors, agents, servants, employees, licensees, and all other persons in privity or acting in concert with them from using the VPX trademark or any term, mark, logo, trade name, Internet domain name or any other source identifier or symbol of origin that is confusingly similar to the VPX mark.

    B.    Order that AURORA account to PURELINK for its profits and any damages sustained by PURELINK from the foregoing acts of trademark infringement, and unfair competition;

    C.    Order an award of profits in accordance with such accounting and award a judgment for three times PURELINK's actual damages arising from AURORA's unlawful conduct pursuant to 15 U.S.C. §1117;

    D.    Find that the AURORA's conduct was willful and that this case is exceptional pursuant to 15 U.S.C. §1117;

    E.    Order that PURELINK recover its costs including its reasonable attorney's fees and disbursements in this action pursuant to 15 U.S.C. §1117;

    F.    Grant any and all relief provided pursuant to N.J.S.A. § 56:4-2, including treble damages;

    G.    Order that AURORA and its officers, directors, agents, servants, employees, licensees, and all other persons in privity or acting in concert with them take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark infringement described above; and

H. Order any such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                 Respectfully submitted,

                                 CAESAR RIVISE, PC

Dated: January 11, 2024          By **/s/ Douglas Panzer**
                                 Douglas Panzer (NJ ID No. 044672006)
                                 dpanzer@caesar.law
                                 Manny D. Pokotilow (PA ID No. 13310)
                                 (To seek admission *Pro Hac Vice*)
                                 mpokotilow@caesar.law
                                 1635 Market Street
                                 Seven Penn Center – 12th Floor
                                 Philadelphia, PA 19103
                                 Tel: (215) 567-2010
                                 Fax: (215) 751-1142

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that, to my knowledge and understanding, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

DATED: January 11, 2024                                By: /s/ Douglas Panzer
                                                                                Douglas Panzer

## **VERIFICATION**

I, MINSOO PARK, declare as follows:

I am CEO of DTROVISION, LLC d/b/a PURELINK, Plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters herein stated to be on information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty and perjury that the foregoing is true and correct.

Dated: 1/11/2024

By: _____
Minsoo Park